Lundberg Stratton, J.,
concurring.
{¶ 15} I write separately to emphasize that appellate courts in Ohio must adhere to App.R. 11.2(C)(1), which requires that an appellate court expedite an *240 appeal from an order granting or denying adoption or the termination of parental rights. In this case, oral argument in the court of appeals was set for May 6, 2009, and the court’s judgment was not journalized until September 2, 2009— almost four months later, despite the rule’s requirement that “[t]he court shall enter judgment within thirty days of * * * the oral argument, * * * unless compelling reasons in the interest of justice require a longer time.” App.R. 11.2(C)(5). This appeal was pending in the appellate court for a period of ten months from the initial filing of the notice of appeal on November 10, 2008, until the judgment entry on September 2, 2009.
{¶ 16} App.R. 11.2(A) requires appellate courts to accelerate and prioritize these appeals at all stages. While these cases are pending, the children whose lives are at issue lack a sense of permanency. They may be forging a bond that will be difficult to disrupt should a court require the child’s placement to change. In a case such as this one, a court should be ever cognizant of the timeliness of its docket.
O’Donnell, J., concurs in the foregoing opinion.